USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - :

JAMES JENKINS,                         :      06 Civ. 10200 (CM) (JCF)
                                       :
                Petitioner,            :         REPORT AND
                                       :      RECOMMENDATION
      - against -                      :

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-5-2011

HAROLD D. GRAHAM,                      :
                                       :
                Respondent.            :

- - - - - - - - - - - - - - - - - - :

TO THE HONORABLE COLLEEN McMAHON, U.S.D.J.:

James Jenkins brings this petition for habeas corpus pursuant

to 28 U.S.C. § 2254, challenging his conviction in New York State

Supreme Court, New York County, for grand larceny.  He argues that

(1) he received an excessive sentence as retribution for exercising

his right to trial, (2) he received ineffective assistance from his

appellate counsel, (3) his sentence as a persistent felony offender

is unconstitutional, and (4) he was denied due process when the

Appellate Division denied his request to hold his appeal in

abeyance pending a decision in a case considering a constitutional

challenge to the state's persistent felony offender statute.  For

the reasons that follow, I recommend that the petition be denied.

Background

      A.   The Crime                          MEMO ENDORSED

      At about 4:00 p.m. on Friday, November 9, 2001, Thomas O'Mara,

a bond trader at Credit Suisse First Boston, left his office in

2/7/2011 - After reviewing petitioner's objections, the Court ADOPTS the Report as
its opinion, accepts the Recommendation and dismisses the petition. As Petitioner has
made no substantial showing of denial of a constitutional right, no certificate
of appealability shall issue. I certify that an appeal from this order will be
taken in bad faith 28 USC § 1915(a). Colleen McMahon USDJ

Manhattan with his daughter. (Tr. at 307-08).[1] Shortly thereafter, they stopped to purchase two bags of peanuts. (Tr. at 309-10). As he began to walk up Broadway holding his daughter's hand and his briefcase, Mr. O'Mara realized he was being shoved and felt a hand go in and of out of his pocket. (Tr. at 310-11).

Police Officer Johnny Marines, along with Sergeant James Ryan, Officer Richard Mangogna, and an Officer McCann had been on duty in plain clothes in the area from about 2:15 p.m. (Tr. at 324-25, 363). They had observed Mr. Jenkins standing at a street corner and looking up and down a side street. (Tr. at 325). Then, at 4:15 p.m., Officer Marines saw him looking in the direction of Mr. O'Mara and his daughter as they purchased something from a street vendor. (Tr. at 326-27). When Mr. O'Mara reached the middle of the block between West 28th and 29th Streets on Broadway, Officer Marines observed the petitioner "run up behind Mr. O'Mara and put his left hand in the vicinity of Mr. O'Mara's left front pant pocket." (Tr. at 329). After Mr. O'Mara turned and shouted, Mr. Jenkins began to run, at which point Officers McCann and Marines and Sergeant Ryan arrested him. (Tr. at 332). Mr. O'Mara's employee identification and some money were recovered from Mr.

---

[1] "Tr." refers to the trial transcript, "Tr.2" refer to the transcript of the sentencing proceedings held on January 28, 2003, and "Tr.3" to the sentencing proceedings held on March 19, 2003.

2

Jenkins.  (Tr. at 313).

   B. Procedural History

   Mr. Jenkins was charged with robbery in the third degree and grand larceny in the fourth degree.  (Tr. at 89-90).  He was offered a plea bargain under which he would have served three and one-half to seven years in prison in exchange for a guilty plea to robbery in the third degree.  (Tr. at 5-6).  He refused the offer against the advice of his lawyer and her supervisor, who warned him that he would face sentencing as a persistent felony offender if convicted.[2]  (Tr. at 5-6).  The case proceeded to trial, and Justice Budd G. Goodman informed Mr. Jenkins that there would be no further plea discussions and that, if found guilty, he would be "cited" as a persistent felon and could be "looking at the upper half, up to a 25 year limit."  (Tr. at 2). Defense counsel requested that Mr. Jenkins have the opportunity to speak with a psychiatrist because of the apparent irrationality of his rejection of the plea bargain.  (Tr. at 6).  She clarified that she did not believe a formal competency exam would be necessary and that "just a brief consultation" would be sufficient, but Justice Goodman

---

   [2]   Section 70.10(1)(a) of the New York Penal Law defines a persistent felony offender as a person "who stands convicted of a felony after having previously been convicted of two or more felonies."   In lieu of whatever sentence the defendant might otherwise be subject to, the court has discretion to impose the sentence for a class A-I felony.  N.Y. Penal Law § 70.10(2).

denied her request. (Tr. at 6-7). The trial proceeded, and Mr. Jenkins did not testify.

At the conclusion of the trial, Mr. Jenkins was found guilty of grand larceny but was acquitted of robbery. (Tr. at 447-48). At the sentencing hearing, his counsel moved for the recusal of Justice Goodman based on his earlier statements about the plea bargain, but this motion was denied. (Tr.3 at 2-3). Justice Goodman found the petitioner to be a persistent felony offender and sentenced him to a term of imprisonment from fifteen years to life, to run concurrently with a term of parole he was then serving. (Tr.3 at 51, 55).

On appeal, Mr. Jenkins claimed that his sentence was disproportionately harsh and constituted punishment for exercising his right to trial. (Brief for Defendant-Appellant ("Pet. App. Brief"), attached as Exh. A to Declaration of Chelsea Chaffee dated July 12, 2007 ("Chaffee Decl."), at 10). He also contended that New York's persistent felony offender law, as interpreted in People v. Rosen, 96 N.Y.2d 329, 728 N.Y.S.2d 407 (2001), is unconstitutional because it violates the holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), which precludes a judge from increasing a defendant's sentence based on post-conviction judicial factfinding. Mr. Jenkins advanced the related argument that his appeal should have been held in abeyance pending reconsideration of

4

Rosen in a case that was then before the New York Court of Appeals. (Pet. App. Brief at 14, 19).

The Appellate Division, First Department, affirmed Mr. Jenkins' conviction, finding his claim of retaliatory sentencing was "unpreserved and unavailing" and that the procedure employed to impose a persistent felony offender sentence was not unconstitutional. People v. Jenkins, 21 A.D.3d 252, 252, 798 N.Y.S.2d 906, 906 (1st Dep't 2005). Thereafter, the New York Court of Appeals denied leave to appeal. People v. Jenkins, 5 N.Y.3d 883, 808 N.Y.S.2d 585 (2005).

Mr. Jenkins then filed the instant habeas corpus petition in which he raises each of the claims he advanced on direct appeal and also argues that his appellate counsel was ineffective for failing to argue that trial counsel's failure to preserve the claim of retaliatory sentencing constituted ineffective representation.

Discussion[3]

---

[3]   Prior to passage of the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), factual findings made by a state court after an evidentiary hearing were presumed correct in a federal habeas proceeding, but federal courts were not required to defer to state court determinations of law and of mixed questions of law and fact.   See Thompson v. Keohane, 516 U.S. 99, 107-13 (1995); Brown v. Artuz, 283 F.3d 492, 497 (2d Cir. 2002).   Under the AEDPA, however, a writ of habeas corpus may not issue "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

## A. <u>Retaliatory Sentencing</u>

The Appellate Division found Mr. Jenkins' claim that his sentence as a persistent felony offender was imposed as punishment for exercising his right to trial to be "unpreserved." <u>Jenkins</u>, 21 A.D.3d at 252, 798 N.Y.S.2d at 906. A habeas court may not review a claim decided by a state court if the state court's decision rested on a state procedural ground that is "independent of the federal question and adequate to support the judgment." <u>Coleman v. Thompson</u>, 501 U.S. 722, 729 (1991). A procedural rule qualifies as an "independent and adequate" state law ground where "the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar," <u>Levine v. Commissioner of Correctional Services</u>, 44 F.3d 121, 126 (2d Cir. 1995) (internal quotation marks omitted), and the bar is firmly established and regularly followed. The New York rule here applied, that parties must preserve a claim of error with a

United States." 28 U.S.C. § 2254(d)(1).

The AEDPA standard applies to this case since Mr. Jenkins filed his petition after the Act's effective date. <u>See</u> <u>Brown</u>, 283 F.3d at 498 n.2. However, where, as here, the petitioner's claims fail under the less deferential pre-AEDPA standard, there is no need to conduct the AEDPA's more intricate analysis. <u>Cf.</u> <u>Kruelski v. Connecticut Superior Court for the Judicial District of Danbury</u>, 316 F.3d 103, 106 (2d Cir. 2003) (suggesting, in post-AEDPA cases, that habeas courts should assess first whether state court's ruling was erroneous under the "correct interpretation" of federal law at issue, then whether the ruling was unreasonable).

contemporaneous objection, has been recognized as a firmly established and regularly followed state practice. See Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007).

In addition, a procedural bar must satisfy the following "guideposts" in order to be adequate: (1) the alleged procedural violation was actually relied on in the trial court, and "perfect compliance with the state rule would have changed the trial court's decision;" (2) "state case law indicated that compliance with the rule was demanded in the specific circumstances presented;" and (3) the petitioner had not "substantially complied" with the rule given "the realities of trial," and, therefore, demanding perfect compliance with the rule would serve a legitimate governmental interest. Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). Application of these guideposts to the facts of this case demonstrates that the procedural bar implemented by the Appellate Division was adequate to support the judgment.

First, the petitioner's failure to argue during the sentencing proceedings that sentencing him as a persistent felony offender constituted punishment for going to trial meant that the court did not have the opportunity to consider this contention. In order to preserve an objection for appellate review, the language must be "unambiguous" and "based on an articulated or otherwise known rationale." People v. Bierenbaum, 301 A.D.2d 119, 152, 748

7

N.Y.S.2d 563, 589 (1st Dep't 2002).  The recusal request that Mr. Jenkins' counsel made at the beginning of the sentencing hearing did not suffice to raise the claim of retaliatory sentencing because defense counsel's motion was not an unambiguous contemporaneous objection.  (Tr.3 at 2-3).  The petitioner's attorney merely stated that Justice Goodman should recuse himself because his comments at the beginning of the trial showed that he was predisposed to sentence Mr. Jenkins as a persistent felony offender. (Tr.3 at 2-3).  This assertion, even before the sentence had been handed down, in no way represents an unambiguous claim that the petitioner's sentence was punishment for going to trial.

Second, New York law requires that a defendant raise a contemporaneous objection to the type of error alleged in this circumstance in order to preserve such a claim for appellate review.  N.Y. Crim. Proc. Law § 470.05(2); see People v. Giordano, 87 N.Y.2d 441, 452, 640 N.Y.S.2d 432, 439 (1995) (stating that claim that sentence constituted punishment for exercising right to trial must be preserved); People v. Hall, 257 A.D.2d 461, 462, 682 N.Y.S.2d 842, 842 (1st Dep't 1999) (same).

Finally, Mr. Jenkins did not substantially comply with the preservation rule.  As noted above, Mr. Jenkins did not preserve his objection because the recusal request was neither unambiguous nor based on an articulated rationale.  While Mr. Jenkins' trial

8

counsel suggested that Justice Goodman harbored a bias against Mr. Jenkins, she did not clearly articulate a claim of retaliatory sentencing as the sentence had not yet been handed down. Thus, the procedural bar was independent of the federal question and adequate to support the judgment. Therefore, Mr. Jenkins is barred from raising the claim that Justice Goodman imposed a class A-I sentence on him in retaliation for his refusal to accept a plea bargain.

Because this claim is procedurally barred, it is precluded from review unless the petitioner can demonstrate either: (1) cause for the default and actual prejudice resulting therefrom; or (2) that the "failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner establishes cause if he can show that "some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Coleman, 501 U.S. at 753.

Mr. Jenkins can show neither cause nor prejudice. He has not suggested that any external influence hindered his efforts to comply. Since Mr. Jenkins has failed to show cause, I need not consider whether the refusal to consider his claim on the merits would cause him prejudice. See McCleskey v. Zant, 499 U.S. 467, 502 (1991) (if petitioner is unable to show cause, a court need not consider prejudice).

9

Alternatively, a defaulted claim may be heard if the petitioner can show that "failure to consider [it] . . . will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.  The Supreme Court has limited this exception to the "extraordinary" case where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327 (1995) (quoting Murray, 477 U.S. at 496).  Mr. Jenkins cannot establish that the failure to consider his claim will result in a fundamental miscarriage of justice because he has failed to establish that he is actually innocent of the crime for which he was convicted.

B. Ineffective Assistance of Appellate Counsel

In his habeas corpus brief, Mr. Jenkins argues that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective because trial counsel did not preserve the claim that the sentence imposed on Mr. Jenkins is punitive.  (Petition, ¶ 12(C)).  However, Mr. Jenkins has not exhausted his state remedies for this claim. Mr. Jenkins did file a petition for a writ of error coram nobis in the Appellate Division, arguing that his appellate counsel was ineffective because he neglected to argue that trial counsel was incompetent. However, the deficiency identified was trial counsel's failure to challenge the validity of the indictment on the ground that Mr.

10

Jenkins was not identified by name in the body of the charging instrument.  Jenkins v. Graham, No. 06 Civ. 10200, 2009 WL 1119383 at *1 (S.D.N.Y. April 23, 2009).  Thus, Mr. Jenkins' initial claim is wholly distinct from the one he now asserts.

The doctrine of exhaustion generally requires a petitioner in a habeas corpus proceeding to exhaust all available state court remedies for each claim prior to federal review.  28 U.S.C. § 2254(b), (c); Holland v. Florida, __ U.S. __, __, 130 S. Ct. 249, 262 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies."); Lurie v. Wittner, 228 F.3d 113, 123-24 (2d Cir. 2000).  Even though Mr. Jenkins' claim is unexhausted, however, this Court may reach the claim on the merits to deny it.  See 28 U.S.C. § 2254(b)(2).

A habeas petitioner's claim that he received ineffective assistance of appellate counsel is analyzed according to the principles set out in Strickland v. Washington, 466 U.S. 668 (1984).  See, e.g., United States v. Caracappa, 614 F.3d 30, 46 (2d Cir. 2010).  Under this test, a petitioner must demonstrate (1) that the representation he received "fell below an objective standard of reasonableness" and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 688, 694.  This test establishes a high bar because,

under Strickland, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690. Accordingly, a reviewing court should not second guess reasonable professional judgments made by appellate counsel. See, e.g., Flores v. Demskie, 215 F.3d 293, 303 (2d Cir. 2000). It is well established that appellate counsel "need not advance every argument, regardless of merit, urged by the appellant." Evitts v. Lucey, 469 U.S. 387, 394 (1985). Moreover, the second prong of the Strickland test requires that "a petitioner must demonstrate that there was a reasonable probability that his claim would have been successful before the state's highest court." Mayo v. Henderson, 13 F.3d 528, 534 (2d Cir. 1994) (internal quotation marks and citation omitted).

Mr. Jenkins cannot meet this standard because there is no evidence that his counsel's representation fell below an objective standard of reasonableness. Rather than argue the claim of ineffective trial counsel, Mr. Jenkins' appellate counsel chose to make the reasonable, although ultimately unsuccessful, argument that the retaliatory sentencing claim had been preserved by trial counsel's recusal request.

C.   New York's Persistent Felony Offender Law

Mr. Jenkins challenges the constitutionality of New York

12

State's persistent felony offender law, codified at section 70.10 of the New York Penal Law and section 400.20 of the Criminal Procedure Law. (Pet. App. Brief at 14-20). Under the law, a defendant who has been convicted of two or more felonies is "eligible for" or "subject to" a class A-I felony sentence, although a judge has the option to impose a lower, second-time offender sentence. N.Y. Penal Law § 70.10(2). As long as a defendant has pled guilty to two predicate felonies and the existence of these felonies has been proven beyond a reasonable doubt, a judge may engage in some factfinding to determine whether a class A-I sentence is appropriate. N.Y. Crim. Proc. Law § 400.20. Mr. Jenkins argues that this procedure violates the holding of Apprendi that "any fact [other than that of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 489. However, Mr. Jenkins' challenge to the persistent felony offender law fails under both People v. Rivera, 5 N.Y.3d 61, 800 N.Y.S.2d 51 (2005), and under the Second Circuit Court of Appeals' decision in Portalatin v. Graham, 624 F.3d 69 (2d Cir. 2010).

In Rosen, New York's persistent felony offender scheme was upheld as consistent with Apprendi. Subsequently, the Supreme Court deemed arguably similar statutes in two other states to be

13

unconstitutional because those schemes permitted judges to increase defendants' sentences based on facts found after conviction. <u>See</u> <u>Cunningham v. California</u>, 549 U.S. 270 (2007); <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). <u>Blakely</u> and <u>Cunningham</u> undermined confidence in the holding in <u>Rosen</u>,[4] and Mr. Jenkins brought his challenge while <u>Rosen</u> was being reconsidered in <u>Rivera</u> and <u>People v. Daniels</u>, 5 N.Y.3d 738, 800 N.Y.S.2d 369 (2005), and requested that his appeal be held in abeyance until those cases were decided. While the constitutionality of the persistent felony offender law ultimately was not considered in the <u>Daniels</u> decision, the Court of Appeals reaffirmed in <u>Rivera</u> its holding in <u>Rosen</u>. <u>See Daniels</u>, 5 N.Y.3d at 740, 800 N.Y.S.2d at 369; <u>Rivera</u>, 5 N.Y.3d at 68-71, 800 N.Y.S.2d at 56-58.

In <u>Rivera</u>, the Court clarified its interpretation of the persistent felony offender law in light of <u>Blakely</u> and <u>Cunningham</u>, and determined it did not violate <u>Apprendi</u>. The Court held that the law was not unconstitutional because it permits a judge to select a sentence from within the higher, class A-I range based

---

[4] I deferred this Report and Recommendation until the constitutionality of New York's persistent felony offender procedure had been decided by the Second Circuit Court of Appeals in <u>Phillips v. Artus</u>, No. 05 Civ. 7974, 2006 WL 1867386 (S.D.N.Y. June 30, 2006), <u>vacated in part on reh'g en banc sub nom Portalatin v. Graham</u>, 624 F.3d at 69. <u>See Jenkins v. Graham</u>, 2009 WL 1119383, at *1 n.1.

solely on the existence of two prior felony convictions, proven
beyond a reasonable doubt. Rivera, 5 N.Y.3d at 70-71, 800 N.Y.S.2d
at 57-58. A sentence at the class A-I level is "authorized" by a
jury upon conviction, and a defendant's Sixth Amendment right to a
jury trial therefore is not violated even though a judge might
engage in some post-conviction factfinding. Id. at 66 n.3, 800
N.Y.S.2d at 54 n.3. Subsequently, in Portalatin, the Second
Circuit considered the constitutionality of the New York Court of
Appeals' interpretation of the persistent felony offender law and
found it to be constitutional. 624 F.3d at 93-94. Thus, the
application of the persistent felony offender law to Mr. Jenkins
did not violate his Sixth Amendment right to a jury trial, even if
Justice Goodman did not limit his factfinding to Mr. Jenkins' prior
convictions.

D.     Denial of Request to Hold Appeal in Abeyance

Mr. Jenkins' claim that denial of his request to hold his
appeal in abeyance pending a Court of Appeals decision in Daniels
fails because he was not prejudiced. The Supreme Court has
implicitly recognized the availability of review for alleged
procedural errors on direct appeal. Evitts, 469 U.S. at 398-99
(reviewing state procedural rules regarding appellate counsel). In
the context of a habeas proceeding, "the procedures used in
deciding appeals must comport with the demands of the Due Process

15

and Equal Protection Clauses of the Constitution." Id. at 393. Here, however, the petitioner suffered no Due Process or Equal Protection violation from the refusal to hold his appeal in abeyance because the outcome of his case was not affected by the decision in either Daniels or Rivera.

First, the Court of Appeals decided Daniels, the pending case for which Mr. Jenkins asked the Court to hold his appeal in abeyance, before the Appellate Division's decision in Mr. Jenkins' case. Daniels, 5 N.Y.3d at 738, 800 N.Y.S.2d at 369. Second, as discussed above, the court in Daniels did not reach petitioners' Apprendi claims on the merits but rather affirmed the petitioners' sentences because they had not preserved at trial the right to challenge New York's persistent felony offender law. Daniels, 5 N.Y.3d at 740, 800 N.Y.S.2d at 369. Third, Rivera did resolve the constitutionality of the sentencing scheme and affirmed Rosen. Rivera, 5 N.Y.3d at 68-71, 800 N.Y.S.2d at 56-58. Therefore, the refusal to hold Mr. Jenkins' appeal in abeyance did not affect the outcome of his case because the Apprendi-based question left unresolved by Rosen was decisively settled by Rivera before the Appellate Division decided his case.

## Conclusion

For the reasons set forth above, I recommend that Mr. Jenkins' petition for a writ of habeas corpus be denied. Pursuant to 28

16

U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal
Rules of Civil Procedure, the parties shall have fourteen (14) days
from this date to file written objections to this Report and
Recommendation.  Such objections shall be filed with the Clerk of
the Court, with extra copies delivered to the chambers of the
Honorable Colleen McMahon, Room 1350, and to the chambers of the
undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.
Failure to file timely objections will preclude appellate review.


Respectfully submitted,


JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE


Dated:    New York, New York
          January 5, 2011

Copies mailed this date to:

Richard B. Lind, Esq.
745 Fifth Avenue, Suite 902
New York, New York 10151

James J. Jenkins #03-A-1779
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-0010

Chelsea Chaffee, Esq.
Assistant Attorney General of the State of New York
120 Broadway
New York, New York 10271

17